UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER,<br>　　　Plaintiff<br>v.<br>FRANK DREESEN, et al.,<br>　　　Defendants | Case No. 2:24-cv-01076-JAD-NJK<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION**<br><br>[ECF Nos. 18, 19, 20, 40] |

On June 16, 2025, the magistrate judge entered this report and recommendation [ECF No. 40]:

Pending before the Court is Plaintiff's motion to supplement the complaint. Docket No. 20. Defendants filed a response in opposition. Docket No. 30. No reply was filed. Also pending before the Court are Plaintiff's motions for temporary restraining order and preliminary injunction. Docket Nos. 18, 19. Defendants filed a response in opposition. Docket Nos. 22, 26. No reply was filed. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that all three motions be **DENIED**.

## I.　BACKGROUND

Plaintiff Shannon Carter brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when staff at High Desert State Prison (HDSP) failed to treat his high blood pressure. *See* Docket No. 5 (complaint); *see also* Docket No. 4 (screening order). The Court screened Plaintiff's complaint, finding that he stated a colorable claim against HDSP associate warden Frank Dreesen and grievance coordinator Jane Doe #1. Docket No. 4. In particular, the Court explained that Plaintiff alleged that "these defendants knew about his ongoing and unmet need for blood-pressure treatment through a grievance, yet they failed to provide treatment by rejecting the grievance instead of forwarding it to medical." *Id.* at 6.

1

Hence, Plaintiff's existing claim arises out of his allegations concerning his grievance at HDSP as to a lack of proper medical care.[1]

After filing this lawsuit, Plaintiff was transferred to Lovelock Correctional Center ("LCC"). *See* Docket No. 3. Plaintiff has made a flurry of filings related to his alleged lack of medical care at LCC, including a motion to supplement his complaint to add such allegations, Docket No. 20, and motions for temporary restraining order and preliminary injunction, Docket Nos. 18, 19. These are the matters currently before the Court.

## II.     MOTION TO SUPPLEMENT

### A.     STANDARDS

Requests to supplement a pleading are contemplated by Rule 15(d) of the Federal Rule of Civil Procedure, which provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Hence, "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Rule 15(d) also provides a mechanism by which persons "participating in these new events may be added if necessary." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981). This rule is designed as "a tool of judicial economy and convenience" to "promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Hence, leave to permit supplemental pleadings is favored when it serves to promote judicial efficiency. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

---

[1] Plaintiff was afforded leave to amend to attempt to cure other aspects of his complaint that did not survive initial screening, but Plaintiff chose not to file an amended complaint. *See, e.g.*, Docket No. 4 at 13. As such, the case is proceeding against only Dreesen and Jane Doe #1. *See* Docket No. 6 at 1.

"Under Rule 15(d), the filing of a supplemental pleading is not available to the pleader as a matter of right." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (quoting *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 6 (1st Cir. 2015)); *accord Kroll v. Incline Vill. Gen. Improvement Dist.*, 598 F. Supp. 2d 1118, 1124 (D. Nev. 2009). Whether to allow a supplemental pleading is entrusted to the broad discretion of the district court. *Keith*, 858 F.2d at 473; *see also Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017). Rule 15(d) is to be liberally construed absent a showing of prejudice to the opposing party. *Keith*, 858 F.2d at 475; *see also LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986). In addition to prejudice, courts commonly evaluate the propriety of a motion to supplement based on factors such as (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments or supplements, and (4) futility. *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).[2] "Courts also consider whether allowing leave to supplement would align with the goal of Rule 15(d), which is to promote judicial efficiency." *Id.* The party opposing supplementation bears the burden of establishing that denial would be appropriate on these grounds. *Desio*, 339 F.R.D. at 638 (citing *National Credit Union Admin. Bd. v. HSBC Bank U.S., Nat'l Ass'n*, 331 F.R.D. 63, 69 (S.D.N.Y. 2019)).

In order to properly invoke Rule 15(d), "some relationship must exist between the newly alleged matters and the subject of the original action." *Keith*, 858 F.2d at 473. Supplementation "cannot be used to introduce a 'separate, distinct and new cause of action.'" *Neely*, 130 F.3d at 402 (quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101, 102 (D. Mo. 1939)). Supplementation is properly denied when the supplemental pleading "could be the subject of a separate action." *Id.* (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2D § 1509 (1990)).

---

[2] The standard for evaluating a motion to supplement brought under Rule 15(d) is the same as the standard for evaluating a motion to amend brought under Rule 15(a). *State of Cal. v. U.S. Dept. of Labor*, 155 F. Supp. 3d 1089, 1099 (E.D. Cal. 2016) (quoting *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013)).

### B. ANALYSIS

The undersigned agrees with Defendants that supplementation is not warranted in this case. As noted above, the single claim proceeding after screening relates to allegations concerning a specific grievance Plaintiff lodged at HDSP and the lack of action taken in relation to that grievance. Docket No. 4 at 6 ("these defendants knew about [Plaintiff's] ongoing and unmet need for blood-pressure treatment through a grievance, yet they failed to provide treatment by rejecting the grievance instead of forwarding it to medical"). Plaintiff's proposed supplemental complaint completely omits that claim, as well as the two defendants against whom the case is proceeding. *See* Docket No. 20 at 30-46. If the proposed supplemental complaint were accepted, the existing claim against the existing defendants would be removed from the case. *See Jackson v. Fong*, 870 F.3d 928, 934 (9th Cir. 2017) (explaining that a supplemental complete completely supersedes any earlier complaint).

In seeking to supplement the complaint, Plaintiff pivots to completely change the case, seeking to add roughly a dozen new defendants associated with LCC and to seek relief as to his alleged lack of medical treatment at LCC. For example, Plaintiff alleges that he was sentenced to 30 days in disciplinary segregation, at which time he told Bobby Preston that he had a "keep on person" order to ensure a proper supply of blood pressure medication, but that Officer Trinidad said Plaintiff was "not getting [s]hit." *See* Docket No. 20 at 38-39. Plaintiff also alleges that, once in disciplinary segregation, he similarly informed Officer Digiuilio of the need for the blood pressure medication, but that Digiuilio refused to provide it. *See id.* at 39. Plaintiff identifies no relationship between these LLC-centered allegations and the one existing claim in this case arising out of a grievance at HDSP. These are separate, distinct, and new claims that could be pursued in a separate action.

Accordingly, allowing supplementation is not warranted.

### III. MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff filed a motion for temporary restraining order and preliminary injunction, seeking immediate medical attention. *See, e.g.*, Docket No. 18 at 4-10. In light of the recommendation

4

above to deny leave to supplement the complaint, the sole claim in this case relates to an alleged constitutional violation committed at HDSP by HDSP employees. Plaintiff is no longer housed at HDSP. Docket No. 3. Accordingly, Plaintiff is not entitled to injunctive relief at this time. *See, e.g.*, Docket No. 4 at (finding Plaintiff's claim for injunctive relief moot in light of his transfer to LCC); *see also, e.g.*, *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (requiring sufficient nexus between the claims raised in a motion for injunctive relief and the claims stated in the underlying complaint).

## IV. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to supplement and the motions for temporary restraining order and preliminary injunction be **DENIED**.

Dated: June 16, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## ORDER

The deadline for any party to object to this recommendation was June 30, 2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 40] is ADOPTED** in its entirety, and Plaintiff Shannon Carter's motions for temporary restraining order, for preliminary injunction, and to file a supplemental complaint **[ECF Nos. 18, 19, 20] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 3, 2025